## SLOAN v. HARRISON.

1. A party is not allowed, in any manner, to prepossess the mind of a juryman with regard to his cause.

2. Speaking in the presence of one of the jurors of the merits of a cause to be tried, is a sufficient interference by a party to vitiate a verdict in his favor.

3. If such interference appear to be criminal, the verdict will be set aside, with costs; if the result of inadvertence or ignorance, without costs.

4. Affidavit of party inculpated in an attempt to bias the jury, inadmissible to excuse himself.

This was a motion by defendant to show cause why a verdict given for Sloan, upon the trial at Nisi Prius, should not be set aside, and a new trial granted, on the ground of misbehavior by the plaintiff, and an improper attempt to bias the minds of the jury.

The misbehavior complained of was, that Sloan, before the trial, but after the jury was struck—and knowing one Paul to be one of the jurors who was to try the cause—did, in the presence of Paul and several other persons, speak of the merits of his cause. Paul was called as a juror, and tried the cause, and a verdict passed for the plaintiff.

*R. Stockton* and *Howell*, for plaintiff, showed cause, and offered the affidavit of Sloan.

*Leake* and *Woodruff* opposed its admission, and cited 3 *Bl. Com.* 371 ; *Tr. per Pais* 255, 6.

The affidavit overruled.

KINSEY, C. J., delivered the opinion of the court on the principal question.

[124] By the affidavit of Bickham, it appears that he heard Sloan tell Paul of the hardship of his case, and of the cir-

K

cumstances of the dispute between Harrison and himself, before a number of persons. Two or three other witnesses prove, generally, that the plaintiff did, in the presence of Paul, express himself on the subject of the dispute, and that Paul appeared to be attentive to the conversation. What effect was actually produced in this manner, upon the mind of the juror, it would be impossible to know, but we must say, that such a course was altogether improper, and wears the appearance of design.

A party should not be suffered, either directly or indirectly, to prepossess the mind of a juror. It is improper for him to speak of, or to press his case in the hearing of one whom he knows is to pass upon the subject in dispute, as one of the constituted judges. It may make an impression, and that is sufficient. We think it the duty of the court to hold a strict rein over the conduct of the parties, and to guard the purity of the trial by jury with the utmost circumspection. If this be permitted, it is impossible for us to foresee how far the next attempt may be carried.

An application for a new trial is made to the discretion of the court, and we think it cannot be exercised to more advantage than in showing a pointed disapprobation of the most distant attempts to influence the minds of the jury and to corrupt the purity of justice.

Let the rule be absolute for a new trial.

*Leake* prayed that Sloan might be compelled to pay the costs.

PER CUR. If it had appeared that Sloan acted with a criminal intent, we should have made him pay costs, but as this does not appear, the costs must attend the event of the suit.